UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| LAURA CESPEDES, individually, and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | Jury Trial Demanded |
| HERITAGE HEALTH AND HOUSING, INC. and ALVARO SIMMONS, | |
| Defendants. | |

_____

Plaintiff, on behalf of herself and all others similarly situated, by her attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1.      Plaintiff worked for Defendants as a receptionist at Heritage Healthcare Center, located in the County of New York, State of New York, from on or about November 12, 2013 through July 1, 2016.

2.      Plaintiff brings this action on behalf of herself and a class of similarly situated current and former employees to seek redress against Defendants for Defendants' failure to pay Plaintiff and the workers at Heritage Healthcare Center their full regular wages, overtime wages, spread of hours wages, failure to provide proper statements with each payment of wages and failure to provide Wage Theft Prevention Act ("WTPA") notifications in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

1

3.      At Heritage Healthcare Center, Defendants have provided each of its office workers with a thirty-five (35) hour per week schedule and paid an hourly rate to their workers for the first thirty-five (35) hours worked. However, Defendants have maintained a longstanding policy of not paying any wages for hours worked in excess of thirty-five (35) hours despite regularly requiring and/or permitting their workers to work over thirty-five hours. To cover up their violations, Defendants have regularly listed on their workers paystubs the incorrect number of hours worked and also required "off-the-clock" work.

4.      Such was the case for Plaintiff. During her employment, Plaintiff was paid at an hourly rate that ranged from $13.00 to $14.12 per hour and worked for Defendants an average of forty-five (45) hours per week. Despite working forty-five (45) hours per week, Plaintiff was only paid her hourly rate for her first thirty-five (35) hours and was not paid any of her regular and overtime wages for her hours worked in excess of thirty-five (35) hours.

## PARTIES

5.      Plaintiff was and still is a resident of the County of New York, State of New York.

6.      Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

7.      At all relevant times, the premises located at 1727 Amsterdam Avenue, New York, New York 10031, was and still is known as "Heritage Healthcare Center".

8.      Defendant Heritage Health and Housing, Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York with its principal place of business located at 416 West 127th Street, New York, New York 10027.

9.      Defendant Heritage Health and Housing, Inc. was and still is the owner and/or operator of Heritage Healthcare Center.

10.     Defendant Alvaro Simmons was and still is a resident of the State of New York.

11.     Defendant Alvaro Simmons was and still is the owner and/or operator of Heritage Healthcare Center.

12.     Defendant Alvaro Simmons was and still is the Chief Executive Officer ("CEO") of Defendant Heritage Health and Housing, Inc.

13.     Defendant Alvaro Simmons was and still is in active control and management of the corporate Defendant, regulates the employment of persons employed by the corporate Defendant, acts directly and indirectly in the interest of the corporate Defendant in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

14.     Defendants are covered employers within the meaning of the FLSA and the NYLL, and at all relevant times employed the Plaintiff.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

16.     This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367 in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

17.     Venue is proper in this judicial district under 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and the Defendants' conduct a substantial amount of business within this judicial district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

18.    Heritage Healthcare Center, located at 1727 Amsterdam Avenue, New York, New York 10031, is a community health care center that provides a variety of medical services and treatment to patients.

19.    Plaintiff worked at Heritage as a receptionist from on or about November 12, 2013, through July 1, 2016.

20.    As a receptionist, Plaintiff's duties, included, without limitation, working at the front desk checking in and registering patients, performing translation services and data entry.

21.    At the time she was hired, Plaintiff was advised that her schedule would consist of working Monday from 8:30 a.m. to 4:30 p.m., Tuesday and Thursday from 11:00 a.m. to 7:00 p.m., and Wednesday and Friday from 9:00 a.m. to 5:00 p.m., with a one hour unpaid lunch break each workday, for a total of thirty-five (35) hours per week.

22.    However, throughout her employment, Plaintiff's work schedule consisted of working Monday from 8:30 a.m. to 6:00 p.m., Tuesday and Thursday from 11:00 a.m. to 10:30 p.m., and Wednesday and Friday from 9:00 a.m. to 6:00 p.m., with a one hour unpaid lunch break, for an approximate total of forty-five and one half (45.5) hours per week.

23.    Plaintiff was paid the following hourly rates during her employment: $13.00 per hour on November 12, 2013; $13.70 per hour from November 13, 2013 through June 30, 2014; $13.91 per hour from July 1, 2014 through June 30, 2015; and $14.12 per hour from July 1, 2015 through July 1, 2016.

24.    Irrespective of the number of hours she worked per week, Plaintiff was paid her hourly rate for only her first thirty-five (35) hours worked and was not paid any wages for hours worked in excess of thirty-five (35) hours.

25.     While Plaintiff was required to punch in and out each day, Plaintiff's paystubs regularly reflected Plaintiff as incorrectly working thirty-five hours (35) per week.

26.     Additionally, on numerous occasions, Plaintiff was required by her supervisor, Ms. Monique Reese, to clock out at her scheduled time and continue working.

27.     Upon complaining to Ms. Monique Reese of why she was required to work late for which she did not receive wages, Ms. Reese told Plaintiff she could handle it because she was "young and Spanish".

28.     At all relevant times, Defendant Alvaro Simmons was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the workers and Plaintiff at Heritage.

29.     At all relevant times, each of the Defendants maintained control, oversight and authority over Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages, and were therefore Plaintiff's employer as defined under the FLSA and NYLL.

30.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

31.     Plaintiff was required to be paid for all hours she was required or permitted to work under the FLSA and NYLL.

32.     Throughout her employment, Plaintiff was not paid any wages for the time she was required or permitted to work in excess of thirty-five (35) hours per week.

33.     Plaintiff was entitled to be paid at least one and one-half times her respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

34.     Throughout her employment, Plaintiff worked in excess of forty (40) hours per workweek, and was therefore entitled to receive overtime wages.

35.     At no time during her employment was Plaintiff paid one and one-half times Plaintiff's regular hourly work rate for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

36.     Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that she worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

37.     Throughout her employment, Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

38.     Throughout her employment, Plaintiff was not paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of the NYLL and NYCRR.

39.     At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment, the name, address and phone number of the employer, and itemized allowances and deductions.

40.     At all relevant times, Plaintiff was entitled to Wage Theft Prevention Act notifications.

41.     At no time during her employment was Plaintiff provided with wage statements and WTPA notifications.

## COLLECTIVE ACTION ALLEGATIONS

42.    Plaintiff brings this action on behalf of herself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

43.    Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

44.    Plaintiff brings the FLSA claims on behalf of herself and others similarly situated, namely employees of Defendants who worked as receptionists, clerical staff and office assistants from the period of January 1, 2014 to the date of final judgment in this matter, who were not paid their full regular and overtime wages for hours worked in excess of thirty-five (35) hours per week, and who do not opt into this action (hereinafter referred to as the "Heritage Collective").

45.    Upon information and belief, the Heritage Collective consists of approximately fifty (50) similarly situated individuals who have not been paid their full regular and overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

46.    Defendants have failed to pay all regular wages and overtime wages owed to employees other than those in the Heritage Collective, and Plaintiff reserves the right to broaden the definition of the collective group and/or add subgroups to this claim as additional members are discovered.

47.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

48.    Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

49.     Plaintiff brings this case a representative of a class of all other persons similarly situated.

50.     Plaintiff seeks the certification of a class of all persons who, during the relevant time period of January 1, 2011 to the date of final judgment in this matter, have been employed by Defendants as receptionists, clerical staff and office assistants; were not paid their full wages; were not paid overtime wages for hours worked in excess of forty (40) hours per week; were not paid spread of hours wages for shifts in excess of ten (10) hours in a workday; were not provided wage payment statements and WTPA notifications; and were not paid all of their wages (hereinafter referred to as the "Heritage Class").

51.     Upon information and belief, the Heritage Class includes over fifty (50) similarly situated individuals who have not been paid minimum wage, prevailing wages, overtime wages, spread of hours wages, who have not received wage payment statements and WTPA notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

52.     The Heritage Class is so numerous as to make it impracticable to join all members of the class as Plaintiff.

53.     There are questions of law and fact common to all members of the Heritage Class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

54.    Common questions of law and fact include, but are not limited to, the following:

A.   Whether Defendants have consistently failed to pay Plaintiff and class members their full regular wages under the NYLL;

B.   Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay or the minimum wage rate as required by the NYLL;

C.   Whether Defendants consistently failed to pay Plaintiff and class members spread of hour wages as required by the NYLL;

D.   Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

E.   Whether Defendants have consistently failed to provide wage payment statements and WTPA pay rate notifications as required by the NYLL.

55.    Plaintiff's wage and hour claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

56.    Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent.

57.    Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor his counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

58.     Class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

59.     Class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS-WIDE FACTUAL ALLEGATIONS

60.     Plaintiff and members of the Heritage Class have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the NYLL by denying them, including without limitation, their full regular wages, overtime wages, spread of hours wages, wage statements and WTPA notifications.

61.     As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the Heritage Class by engaging in a pattern, practice and/or policy of violating the NYLL.

62.     Defendants have substantially benefitted and profited from the work that Plaintiff and the Heritage Class have performed.

63.     Defendants failed to keep any records of the hours worked by the Plaintiff and the Heritage Class.

64.     Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

65.     Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

66.     Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Heritage Class.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Unpaid Wages under the FLSA*)

67.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

68.     At all relevant times, Plaintiff and the Heritage Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e) and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

69.     At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

70.     At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

71.     As the Defendants shared control of the services of the Plaintiff the Heritage Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

72.     At all relevant times, Defendants were required to compensate employees for all hours suffered or permitted to work pursuant to 29 U.S.C. § 201 *et seq*.

73.     Defendants have violated the FLSA by failing to compensate Plaintiff and the Heritage Collective for the full amount of hours she was required or permitted to work.

74.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Heritage Collective required wages, Plaintiff and the Heritage Collective have been damaged and

are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

75.     Defendants willfully, knowingly and intentionally failed to compensate Plaintiff and the Heritage Collective their wages.

76.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Heritage Collective.

77.     As Defendants did not have a good faith basis to believe that their failure to pay to Plaintiff and the Heritage Collective her full wages was in compliance with the law, Plaintiff and the Heritage Collective are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
(*Unpaid Wages*)

78.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

79.     At all relevant times, Plaintiff and the Heritage Class were employees and Defendants were their employers within the meaning of NYLL §§ 190, 651 and 652.

80.     At all relevant times, Defendants were required to compensate employees for all hours suffered or permitted to work pursuant to NYLL §§ 191, 650 *et seq*. and 12 NYCRR § 142 *et seq*.

81.     Defendants have violated NYLL by failing to compensate Plaintiff and the Heritage Class for the full amount of hours they were required or permitted to work.

82.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the Heritage Class their lawful wages, Plaintiff and the Heritage Class have been damaged and are

entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

83.     Defendants willfully, knowingly and intentionally failed to compensate Plaintiff and the Heritage Class their wages.

84.     Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and the Heritage Class.

85.     Due to Defendants' intentional and willful failure to pay Plaintiff and the Heritage Class their full wages, Plaintiff and the Heritage Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the FLSA)*

86.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

87.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

88.     Defendants expected Plaintiff and the Heritage Collective to work more than forty (40) hours a week, and Plaintiff and the Heritage Collective regularly worked more than forty (40) hours a week throughout their employment.

89.     At no time have the Defendants paid Plaintiff and the Heritage Collective a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

90.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Heritage Collective for overtime at a rate of one and one half times their hourly rate of pay for

all of the hours they worked in excess of forty (40) hours a week.

91.    As a result of Defendants' violations of the law and failures to pay Plaintiff and the

Heritage Collective required overtime wages, Plaintiff and the Heritage Collective have been

damaged and are entitled to recover from Defendants all wages due, along with all reasonable

attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

92.    As Defendants did not have a good faith basis to believe that their failure to pay

overtime wages to Plaintiff and the Heritage Collective was in compliance with the law, Plaintiff

and the Heritage Collective are entitled to additional damages equal to one hundred percent of the

total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Overtime under the NYLL)*

93.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs

with the same force and effect as if fully set forth herein.

94.    At all relevant times, Defendants were subject to the overtime wage requirements

set forth in Article 19 of the NYLL.

95.    Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees

are required to be paid one and one-half times the employees' regular rate of pay for any hours in

excess of forty (40) worked in any workweek.

96.    Defendants expected Plaintiff and the Heritage Class to work more than forty (40)

hours a week, and Plaintiff and the Heritage Class regularly worked more than forty (40) hours a

week throughout their employment.

97.    At no time have the Defendants paid Plaintiff and the Heritage Class a rate of one

and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40)

hours per week.

98.    Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Heritage Class for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

99.    As a result of Defendants' violations of the law and failures to pay Plaintiff and the Heritage Class required regular and overtime wages, Plaintiff and the Heritage Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

100.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Heritage Class was in compliance with the law, Plaintiff and the Heritage Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Spread of Hours under the NYLL)*

101.    Plaintiff repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

102.    At all relevant times, Plaintiff and the Heritage Class were required to work in excess of ten (10) hours in a workday.

103.    Plaintiff and the Heritage Class were entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, pursuant to the NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

104.    Defendants failed to pay Plaintiff and the Heritage Class the spread of hour wages to which they were entitled under NYLL.

105.    Plaintiff and the Heritage Class are entitled to be paid all of their earned wages.

106.    Defendants' failure to pay Plaintiff and the Heritage Class their lawfully due spread of hour wages is a willful violation of NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

107.    Pursuant to NYLL § 198, Plaintiff and the Heritage Class are entitled to recovery of full payment of unpaid spread of hour wages, an additional amount equal thereto in liquidated damages, prejudgment interest, attorney's fees, and costs and disbursements of this action.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

108.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

109.    At all relevant times, Defendants failed to provide Plaintiff and the Heritage Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

110.    As Defendants failed to provide Plaintiff and the Heritage Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiff and the Heritage Class are entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney fees and costs.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification Under the NYLL)*

111.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

112.    Defendants were obligated to provide Plaintiff and the Heritage Class with Wage Theft Prevention Act notifications of pay rates beginning upon the commencement of their employment since 2011 and annually from 2012-2014.

113.    At all relevant times, Defendants failed to provide Plaintiff and the Heritage Class with the Wage Theft Prevention Act notifications, as required by NYLL § 195.

114.    As Defendants failed to provide Plaintiff and the Heritage Class with proper Wage Theft Prevention Act Notices annually from 2012 to 2014 and upon the commencement of their employment from 2011 to the present, as required by NYLL § 195, Plaintiff and the Heritage Class are entitled to liquidated damages in the amount of $50.00 per week up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

**WHEREFORE**, Plaintiff, on her own behalf and on behalf of all others similarly situated, seeks the following relief:

A.  On the First Cause of Action for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B.  On the Second Cause of Action for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C.  On the Third Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D.  On the Fourth Cause of Action for all overtime wages due, an additional award of one

    hundred percent of all wages, along with all reasonable attorney fees and costs, in an

    amount to be determined by this Court but greater than the jurisdictional minimum;

E.  On the Fifth Cause of Action for all spread of hours wages due, an additional award of one

    hundred percent of all wages, along with all reasonable attorney fees and costs, in an

    amount to be determined by this Court but greater than the jurisdictional minimum;

F.  On the Sixth Cause of Action for failing to provide proper statements with every payment

    of wages, liquidated damages in the amount of $50.00 per day for every work week in

    which the violation occurred, up to a maximum of $5,000.00, along with all reasonable

    attorney fees and costs, in an amount to be determined by this Court but greater than the

    jurisdictional minimum;

G.  On the Seventh Cause of Action for failing to provide Wage Theft Prevention Act Notices

    in an amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable

    attorney fees and costs.

H.  Interest;

I.  Costs and disbursements; and

J.  Such other and further relief as is just and proper.

Dated: Melville, New York
      February 27, 2017                     Respectfully submitted,
                                     SLATER SLATER SCHULMAN LLP


                                     By: /s/_____
                                     Matthew Madzelan, Esq.
                                     Attorneys for Plaintiff
                                     445 Broad Hollow Road, Suite 334
                                     Melville, New York 11747
                                     (631) 420-9300